IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHARLES RAY HALL                                                                                    PLAINTIFF

vs.                                              Civil No. 6:14-cv-06085

CAROLYN COLVIN                                                                                      DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Charles Ray Hall ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Background:

Plaintiff's application for DIB was filed on July 18, 2011. (Tr. 14, 116-117). Plaintiff alleged he was disabled because of his sleep apnea, high blood pressure, anxiety, hiatal hernia, memory loss, and being out of breath easily. (Tr. 126, 153). Plaintiff alleged an onset date of June 30, 2011. (Tr. 116). This application was denied initially and again upon reconsideration. (Tr. 58-

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___" The transcript pages for this case are referenced by the designation "Tr."

62, 68-69). Thereafter, Plaintiff requested an administrative hearing on his application and this hearing request was granted. (Tr. 70-71).

Plaintiff's administrative hearing was held on November 8, 2012. (Tr. 29-57). Plaintiff was present and was represented by counsel, Eric Worsham, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Mack Welch, testified at the hearing. *Id.* At the time of this hearing, Plaintiff was forty-six (46) years old and had graduated from high school. (Tr. 34).

On January 24, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 14-24). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2015. (Tr. 16, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 30, 2011. (Tr. 16, Finding 2).

The ALJ also determined Plaintiff had the severe impairments of hiatal hernia, obesity, obstructive sleep apnea, somnolence, shortness of breath, hypertension, memory loss, and anxiety. (Tr. 17, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 17, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 20-23). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC for sedentary work with limitations including no frequent handling or fingering with the non-dominant upper extremity; must not climb or balance; must avoid exposure to hazards such as unprotected heights, moving machinery, or open flames; and limited to work where tasks could be

learned by demonstration or repetition in 30 days or fewer, and which involved few variables in judgment and with supervision that is simple, direct, and concrete. (Tr. 20, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 23, Finding 6). The ALJ found Plaintiff was unable to perform his PRW as a forklift operator and ricksaw operator. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 23, Finding 10). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as inspector grader with 43,000 such jobs in Arkansas and 230,000 such jobs in the nation, and scale operator with 38,000 such jobs in Arkansas and 200,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from June 30, 2011, through the date of the decision. (Tr. 24, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 10). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-4). On July 17, 2014, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on July 29, 2014. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 11, 12. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal only claiming the ALJ erred in the weight given the opinions of Plaintiff's physician Dr. Ray Bollen. ECF No. 11, Pgs. 6-12. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 12.

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

5

Plaintiff's sole argument is the ALJ improperly discredited the opinions of Dr. Ray Bollen. ECF No. 11, Pgs. 6-13. Specifically, Plaintiff argues the ALJ failed to give proper weight to a Sleep Disorders RFC Questionnaire completed by Dr. Bollen. *Id.* However, in this matter, the ALJ properly evaluated the opinions of Dr. Bollen.

On October 18, 2012, Dr. Ray Bollen completed a Sleep Disorders RFC Questionnaire on Plaintiff. (Tr. 370-373). Dr. Bollen indicated Plaintiff was unable to lift and carry more than 10 pounds; should avoid prolonged standing, walking, lifting, bending, stooping, and climbing up and down steps; and should avoid heights and hazards. *Id.* The ALJ adopted these limitations in his RFC determination by finding Plaintiff could perform sedentary work with limitations that included no frequent handling or fingering with the non-dominant upper extremity; must not climb or balance; and must avoid exposure to hazards such as unprotected heights, moving machinery, or open flames. (Tr. 20).

In making his RFC determination, the ALJ did not include Dr. Bollen's assessment that Plaintiff would need to take unpredictable breaks or miss work more than four times a month. The ALJ found Plaintiff's condition improved with treatment by a specialist. (Tr. 21). In making this finding, the ALJ relied on the report of Dr. Nizar Suleman, a treating physician dealing with sleep disorder. (Tr. 363-366). The ALJ gave Dr. Suleman's opinions weight and noted Plaintiff received great benefit from treatment by continuous airway pressure machine (CPAP). (Tr. 21, 221-229, 363-366). The ALJ also noted Dr. Suleman's report showed Plaintiff continued to experience some sleep disturbances, but the treatment was largely successful in reducing most of his symptoms. (Tr. 21-22). *See Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) (impairments controlled by treatment or medication are not disabling).

6

The ALJ has the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions. *See Brown v. Astrue,* 611 F.3d 941, 951-52. In this matter, the ALJ gave less weight to certain opinions of Dr. Bollen and he set forth several reasons in his analysis for doing so. (Tr. 21-22).

Based on the above, I find there was no error in the weight given or the treatment of the opinions of Dr. Bollen.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **18th day of May 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE